BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00048-GEB-CKD |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $149,000.00 IN U.S. CURRENCY, SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER 0523272781, HELD IN THE NAME DUNG H. NGUYEN, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On March 5, 2012, agents with the Internal Revenue Service - Criminal Investigation ("IRS-CI") executed a Federal seizure warrant at the Bank of America located at 400 Capitol Mall, Sacramento, California. The agents seized approximately $149,000.00 in U.S. Currency from Bank of America Account Number 0523272781, held in the name of Dung H. Nguyen (hereafter the "defendant funds").  The IRS-CI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about March 22, 2012, the IRS-CI received a claim from Dung H. Nguyen asserting an ownership interest in the defendant funds.

2. The United States represents that it could show at a forfeiture trial that for the time period between December 27, 2011, and March 1, 2012 transactions reflect approximately three (3) separate days wherein deposits totaling $149,000, were made, all in amounts under the Currency Transaction Report threshold of $10,000.01. During this time period there were no individual currency deposits over $10,000 into Bank of America personal checking account number 0523272781.

3. The United States could further show at trial that same-day currency deposits were made approximately eighteen times. These same-day deposits were in amounts less than the $10,000.01 currency reporting threshold, often within minutes of each other. These deposits were done at multiple Bank of America branches in the Greater Sacramento Area. The deposits, if aggregated, would have exceeded $10,000.01.

4. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2).

5. Without admitting the truth of the factual assertions contained in this stipulation, Dung H. Nguyen specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Dung H. Nguyen agrees that an adequate factual basis exists to support forfeiture of the defendant funds. Dung H. Nguyen hereby acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Dung H. Nguyen shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial

Consent Judgment of Forfeiture

district in which the defendant funds were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. Upon entry of the Consent Judgment of Forfeiture, $120,000.00 of the $149,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

11. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $29,000.00 of the $149,000.00 in U.S. Currency, shall be returned to potential claimant Dung H. Nguyen, through his attorney Patrick K. Hanly.

12. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

**Date: 1/17/2013**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

DATED:  1/17/13

Senior United States District Judge